## PHILIP BITTER, Appellant, *v.* MARY ELIZABETH JONES and Others, Respondents.

*Resulting trust — when implied — power of a court of equity to enforce it.*

In 1866 the plaintiff purchased certain real estate and took a conveyance thereof in his own name. In 1867 he conveyed it to a third person, upon the agreement that he should convey it to the plaintiff's wife, which was done upon the same day. No consideration was paid to the plaintiff by his grantee or by his wife. The plaintiff intended that the property should be given to his wife in some way for his benefit, and that it should be held by her in trust. It did not appear that the plaintiff knew that the conveyance to his wife was absolute in character. No creditors asserted any right to the property.

In an action brought by the plaintiff against the heirs-at-law of his deceased wife, to have the ownership, title and possession of the property restored to him:

*Held*, that he was entitled to recover.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

The plaintiff having caused certain real estate owned by him to be conveyed to his wife during her lifetime, brought this action after her death against her nieces and the children of deceased nieces, to enforce a resulting trust, which he claimed existed, and prayed that he might be fully restored to the ownership and possession of the property, and that the full title thereof might result back to and vest in him in fee simple.

*Franklin Bartlett*, for the appellant.

*S. M. & D. E. Meeker*, for the respondent Alfrecta Klinck.

*S. G. McDonald*, for respondents Heath and others.

DYKMAN, J.:

The plaintiff in this action purchased the property in controversy in the year 1866, and paid for it, and took a deed of conveyance for it in his own name. With no intention to perpetrate a fraud, and with a perfectly laudable design, the plaintiff caused this property to be conveyed to a third person in the year 1867, under an agreement that he should convey the same to the plaintiff's wife, which he did on the same day. Neither of them paid any con-

sideration for these conveyances, and there are no rights of creditors intervening. It is found as a fact, that at the time of the transfer of the property to his wife, the plaintiff intended that it should be given her in some way for his benefit, and that it should be held by her for him in trust. Since the conveyance to him the plaintiff has occupied the property as a residence. His wife died without will or deed to reinvest him with the legal title, and now the same is claimed by the defendants as her heirs at law, and this action is brought for his relief. His complaint was dismissed by the trial court, and we have the case on appeal from that judgment.

The defense of the action seems to be rested on the statute declaring that where a grant shall be made to one person and the consideration is paid by another, no use or trust shall result in favor of the person making the payment, but the title shall vest in the alienee. (1 R. S., 728, § 51.)

The first thing to be said about this defense is, that the statute cannot be interposed by these defendants because the case does not fall within it. The state of facts embraced in its provisions has no existence in the case. The consideration here was paid by the plaintiff and the grant was to him. Afterwards he caused a transfer of the title to another person, who, on the same day in execution of the trust on which he received it, executed a conveyance to the wife of the plaintiff. This was also procured by him with the intention that it should be in some way for his benefit, and that it should be held by his wife for him in trust. The title, therefore, went to her on the condition prescribed by the plaintiff of holding the same for his benefit. The defendants have no greater or higher rights than the wife took by the deed of conveyance to her, and in legal contemplation she received the title for the purpose of holding the same in trust for the plantiff.

There is neither testimony nor finding that the plaintiff had knowledge of the character of the conveyance to his wife or consented that it should be absolute.

The conveyance to the wife was in execution of the trust, under which her grantor received the title from the plaintiff, and she received the same on an implied trust to hold the same for the plaintiff. Such trust resulted from the situation and action of the parties, from their obvious intention and from the manifest justice

of the case, and its establishment is not violative of any statute. (*Foote* v. *Bryant*, 47 N. Y., 544.) For the purposes of this action it may be assumed that the plaintiff had no knowledge that the conveyance to his wife was absolute on its face, without expressing the trust which he intended to impress on the title. (*Siemon* v. *Schurck*, 29 N. Y., 615.)

So we have a case where the owner of land for no consideration, without intention to evade the law, and with no object against public policy, has caused it to be conveyed to another for his benefit, to be held for him in trust. Without his knowledge or assent the deed is absolute on its face. This situation impresses the property with a trust, which a court of equity will enforce to prevent fraud and injustice. (*Lounsbury* v. *Purdy*, 18 N. Y., 519.)

It is now too late to refuse relief in a case like this. The naked title to these premises descended to the defendants from the plaintiff's wife, and they must now yield it back. She received the property by an absolute deed, but in fact in trust, and her obligation was to reconvey to him on demand, and the performance of that duty could have been enforced against her.

The statute against the creation of a trust, unless by writing, does not embarrass; it cannot be invoked to protect these defendants, for that would result in their assistance in the perpetration of a fraud on the plaintiff. That is never permitted. (*Ryan* v. *Dox*, 34 N. Y., 312.) Another reason is, that section 10 of title 1, chapter 7 of part 2 of the Revised Statutes (2 R. S., 135) is, that nothing therein contained shall be construed to abridge the power of the court to compel specific performance of agreements partly executed.

The imperious demand of justice in this case is for the administration of relief to the plaintiff. As a provision against the uncertainties of a precarious manner of life, he placed the legal title to the property in question in his wife, in trust to hold the same for him, and to be surrendered on demand. Without execution of the trust she departed this life. That event does not leave the plaintiff helpless, and equity jurisprudence will fall far short of its high prerogative if relief is denied him in this case.

To prevent fraud and compel the performance of trusts and contracts are well recognized heads of equity jurisdiction, and all these are presented here.

PEOPLE ex rel. CRAFTS v. FIRE COM'RS.        495

SECOND DEPARTMENT, DECEMBER TERM, 1882.

Our conclusion is that the plaintiff is entitled to relief, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment reversed and new trial granted, with costs to abide event.